[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 15 JULY 1994 DATE OF APPLICATION 15 JULY 1994 DATE APPLICATION FILED 15 JULY 1994 DATE OF DECISION 27 MARCH 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven,
Docket No. CR92-348349.
Eskine McIntosh, Esq. For the Petitioner
Robert O'Brien, Esq. For the State of Connecticut
BY THE DIVISION
After trial by jury the petitioner was convicted of Murder in violation of Conn. Gen. Statute 53a-54a; Felony Murder in violation of Conn. Gen. Statute 53a-54c; Attempted Robbery 1st in violation of Conn. Gen. Statute53a-39, 53a-134a; and, Assault on a Police Officer in violation of Conn. Gen. Statute 53a-167c.
The trial court imposed a sentence of sixty years to serve on the murder, sixty years on the felony murder merged with the first count of murder, concurrent; twenty years on the robbery 1st count, concurrent and five years consecutively on the assault on a police officer for a total effective sentence of sixty-five years to serve.
The petitioner beat a robbery victim over the head with a 36" CT Page 5290 galvanized pipe. The victim died of the head wound. The petitioner was confronted by a police officer about seventy feet from the incident. When stopped by the police officer he was still carrying the murder weapon and he assaulted the officer with it in order to escape.
Counsel for the petitioner indicated his client had remorse for the victim. He claimed that the petitioner was trying to get rehabilitated from drug addiction when this crime happened. Counsel asked the panel to lower the sentence in that it was harsh.
The State's Attorney noted that the petitioner has a consistent criminal history that included a robbery 1st where the person was also assaulted on the head. Counsel noted that the petitioner was only out of jail for three and one-half weeks before this brutal and vicious crime was committed by the petitioner. Counsel felt that the sentence was appropriate and asked the panel to affirm.
In reviewing the remarks of the sentencing court we find that the judge balanced the petitioner's serious and vicious criminal history with the crime before it. The court found that the petitioner's history indicated a persistent escalation into the extreme violence of the murder before it.
When reviewing the sentence we see a cold-blooded murder that was inflicted in a heinous and cruel manner by a person with a history of violent criminal behavior.
The division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book Sec. 43-23, et. seq., and Connecticut General Statutes Sec. 51-49, et. seq.
The sentence imposed by the trial court was within the parameters, it was neither inappropriate nor disproportionate.
In light of the above, the Sentence is AFFIRMED.
Judges Norko, Klaczak, and O'Keefe participated in this decision.